# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA K. DECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-0068-CVE-PJC |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is Defendant Federal Bureau of Prisons' Motion to Dismiss (Dkt. # 21). Defendant asks the Court to dismiss the case because the Court lacks subject matter jurisdiction and because plaintiff fails to state a claim upon which relief can be granted. Plaintiff, proceeding pro se, appears to be arguing that she suffered an injury while in the custody of the Federal Bureau of Prisons and prison officials prevented her from filing her administrative claim within the limitations period. (Dkt. # 23). She asks the Court to deny the defendant's motion to dismiss.

Plaintiff filed this case in the Northern District of Oklahoma alleging that, while an inmate at the Federal Medical Center in Carswell, Texas, she was injured and became disabled. Dkt. # 1, at 1. Plaintiff seeks to assert a tort claim against the Federal Bureau of Prisons pursuant to the Federal Tort Claims Act (FTCA). Id. Plaintiff asserts that she was unable to file her administrative claim within the limitations period because her attempts to do so were hindered by prison officials' failure to respond to her inquiries about properly filing her claim. Id. at 2-3.

Defendant argues that plaintiff's petition should be dismissed under Fed. R. Civ. P. 12(b)(1) because the Court lacks subject matter jurisdiction. Dkt. # 21, at 4. The FTCA allows civil suits against the United States for torts committed by government employees acting within the scope of their employment. 28 U.S.C. § 1346(b). But "'[t]he United States is the only proper defendant in an FTCA action.'" Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009) (quoting Oxendine v. Kaplan, 2341 F.3d 1272, 1275 n.4 (10th Cir. 2001)). The Court thus has no jurisdiction to hear a case that purports to assert an FTCA claim but names any party other than the United States. Plaintiff's complaint names the Federal Bureau of Prisons as defendant and does not name the United States. Defendant's motion to dismiss should be granted, but the Court will provide plaintiff leave to file an amended complaint naming the United States. Plaintiff must also provide defendant proper service of the amended complaint in compliance with Fed. R. Civ. P. 4(i). Rule 4(i) provides:

> To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought–or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk–or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a non-party or agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i).

Defendant also argues that plaintiff's petition should be dismissed under Fed. R. Civ. P. 12(b)(6), because she has failed to state a claim upon which relief can be granted. Pro se pleadings

are construed liberally. Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). "[D]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Gee v. Pacheco, 627 F.3d 1178, 1195 (10th Cir. 2010). When determining whether to dismiss a pro se complaint, the Court "must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002); see also Hall v. Bellmon, 935 F.3d 1106, 1110 (10th Cir. 1991) ("We believe that this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."). However, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Smith v. United States, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).

The Court has broadly construed plaintiff's petition, and finds that plaintiff has not stated a claim. Plaintiff alleges that she was injured while in custody and is disabled as a result. Plaintiff provides no factual basis for her claim of injury, but appears to be arguing that the Bureau of Prisons caused her injury and that prison officials prevented her from filing her administrative claim within

the limitations period.[1]  Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Even with the liberal construction given to pro se pleadings, it is not possible to discern an identifiable claim in plaintiff's petition, and the Court will not attempt to construct a claim on her behalf.  Defendant's motion to dismiss should be granted, but the Court will provide plaintiff leave to file an amended complaint more clearly stating her claims against defendant.

**IT IS THEREFORE ORDERED** that Defendant Federal Bureau of Prisons' Motion to Dismiss (Dkt. # 21) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint in compliance with this Opinion and Order no later than **October 15, 2015**.  Plaintiff shall properly serve defendant no later than **November 14, 2015.**

**DATED** this 15th day of September, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] It is unclear whether plaintiff seeks to pursue a due process claim regarding prison officials' alleged efforts to thwart the filing of her administrative claim or if she seeks to assert her tort claim despite filing her administrative claim outside the limitations period.  In her amended complaint, plaintiff should more clearly identify her argument.

4