# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SANDRA K. DECKER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-CV-0068-CVE-PJC |
| | ) |
| FEDERAL BUREAU OF PRISONS, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the court sua sponte on an amended complaint (Dkt. # 28) filed by plaintiff. The Court addresses plaintiff's amended complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see also FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff purports to assert a Federal Tort Claims Act (FTCA) claim against the Federal Bureau of Prisons for injuries she received while in federal custody. Dkt. # 28, at 3. In a prior opinion and order, this Court explained that it has no jurisdiction to hear a case that asserts an FTCA claim but names any party other than the United States. Dkt. # 25, at 2. The Court permitted plaintiff to file an amended

complaint naming the United States, but plaintiff's amended complaint fails to name the proper party. Id. Because the amended complaint names the Federal Bureau of Prisons and not the United States, regardless of plaintiff's pro se status, the Court cannot permit plaintiff to proceed with the lawsuit when the Court lacks subject matter jurisdiction over her claim.

**IT IS THEREFORE ORDERED** that plaintiff's amended complaint (Dkt. # 28) is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 15th day of October, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE